UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| v. | ) |
| | ) Docket no. 2:16-cr-63-GZS |
| ERICK LEVAR ADAMS, | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

**ORDER ON MOTIONS TO SUPPRESS**

Before the Court are five motions to suppress brought by Defendant Erick Adams (ECF Nos. 65-69), which are described more fully below. The Court held an evidentiary hearing on Defendant's Second Motion to Suppress (ECF No. 66), and gave the parties the opportunity to present oral argument on the other motions, on November 18, 2016. The Court has considered the evidence and argument provided at the hearing, as well as the Government's Omnibus Response in Opposition to Defendant's Motions to Suppress Evidence (ECF No. 72) and Defendant's Reply (ECF No. 74). For the reasons briefly explained below, the Court DENIES Defendant's Second, Third, Fourth, and Fifth Motions to Suppress.[1]

**I.     SECOND AND THIRD MOTIONS TO SUPPRESS (ECF Nos. 66 & 67)**

Defendant's Second and Third Motions to Suppress both involve the search and seizure of

---

[1] As noted at the conference of counsel on September 8, 2016, and at the hearing, the Court is reserving ruling on Defendant's First Motion to Suppress (ECF No. 65) and will rule if and when the Government calls the identification witness at trial. Neither side objected to this approach.

five cell phones that were found inside Defendant's rental vehicle. For this reason, the Court discusses the two motions together.

### A. Factual Findings

The following facts are drawn from the record in this case, including the relevant search warrants and search warrant applications (see Attachs. to ECF Nos. 67-69; ECF Nos. 70, 73), and the testimony of Special Agent Randall Medeiros of the Maine Drug Enforcement Agency ("SA Medeiros") at the evidentiary hearing on the motions.

On December 4, 2014, at approximately 8:15 AM, two police officers conducted a traffic stop of a rental vehicle driven by Defendant, which was then traveling near Sanford, Maine.[2] The officers determined that Defendant was operating the vehicle without a valid license and arrested him. During a search of his person, Defendant was found to have approximately $500.00 cash in small denominations.

At some point, SA Medeiros came on the scene to assist the officers. SA Medeiros was aware of information that Defendant was a drug trafficker in southern Maine. The officers ordered two separate dog sniffs of the vehicle, which both indicated the presence of drugs in the passenger compartment. SA Medeiros conducted a hand search of the passenger compartment with the assistance of one of the officers, during which he observed a cell phone on the front passenger seat, observed a cell phone in the cup holder, and found a cell phone inside a backpack in the backseat area. SA Medeiros also found a screw and washer on the floor of the backseat area, which raised for him the possibility that the interior of the passenger compartment had been disassembled to hide illegal drugs, a common practice for drug traffickers. The officer assisting in the hand

---

[2] The Court notes SA Medeiros's testimony that Defendant's vehicle was being tracked at the time of the stop, but the purported basis of the stop in the record before the Court was an unnamed traffic violation. (See Gov't Resp. (ECF No. 72) at 2.) Defendant does not appear to challenge the basis for the initial stop of the vehicle.

2

search also found a second screw and the cut corner of a plastic baggie, which resembled a "Dominican tie" commonly used to package illegal drugs. Because positive dog sniffs, the presence of multiple cell phones, the loose screws, and the "Dominican tie," indicated to SA Medeiros that illegal drugs may have been hidden in the vehicle and that a further search was necessary, he had the vehicle secured and towed to the police barracks.

SA Medeiros applied for a search warrant for the vehicle based on the aforementioned evidence of the presence of illegal drugs as well as Defendant's prior history of using rental cars to traffick drugs. Pursuant to the search warrant that was issued, SA Medeiros searched the vehicle and located a total of five cell phones, including the three he had previously found during the roadside hand search. He subsequently applied for, and was granted, search warrants for the contents of the phones.[3]

### B. Discussion

In his Second and Third Motions to Suppress, Defendant seeks to suppress all evidence obtained from the search and seizure of the cell phones. The Court, however, can discern no illegality. Considering the events sequentially, the roadside hand search of Defendant's vehicle was supported by the two positive dog sniffs.[4] See United States v. Lopez, 380 F.3d 538, 544 n.4 (1st Cir. 2004) (noting that a reliable dog sniff can provide probable cause to search a vehicle). The scope of the hand search, including the search inside the backpack, was within the scope of the "automobile exception" to the warrant requirement. See United States v. Le, 377 F. Supp. 2d 245, 252 (D. Me. 2005) ("The automobile exception allows 'a probing search of compartments

---

[3] The record before the Court is not entirely clear as to how many of the five phones were in fact searched. However, Defendant does not dispute that any searches were performed pursuant to a warrant. (See Def.'s Third Mot. (ECF No. 67) at 1, 4.)

[4] Defendant had been arrested for operating without a license at the time of the dog sniffs. Therefore, there is no issue concerning whether the officers unreasonably prolonged the stop to effectuate the dog sniffs and, regardless, there is no evidence that they did so.

and containers within the automobile.'") (quoting California v. Acevedo, 500 U.S. 565, 570 (1991)).  Further, once the police had probable cause to search the vehicle, they were authorized to transport the vehicle, including its contents, to effect any lawful search.  See Chambers v. Maroney, 399 U.S. 42, 52 (1970) ("[T]he blue station wagon could have been searched on the spot when it was stopped since there was probable cause to search . . . [t]he probable-cause factor still obtained at the station house . . . ."); Lopez, 380 F.3d at 545 ("The government has presented ample evidence demonstrating that law enforcement officers had probable cause to search the vehicle and the compartment.  The relocation of the vehicle from the parking lot to the police station did not deprive the officers of probable cause to search."); United States v. Panitz, 907 F.2d 1267, 1272 (1st Cir. 1990) (a warrantless search of a vehicle "need not be conducted contemporaneously with the seizure" and is not limited "temporally [or] spatially") (internal quotation marks omitted).

The cell phones themselves were subsequently searched and seized pursuant to valid warrants that were amply supported by probable cause, including the evidence of drug trafficking found in the vehicle, Defendant's prior arrests for drug offenses, and SA Medeiros's experience that cell phones often contain evidence of drug trafficking.[5]  For these reasons, the Court determines that the search and seizure of the cell phones was not unlawful and therefore DENIES Defendant's Second and Third Motions to Suppress.

---

[5] The Court is not convinced by Defendant's argument that probable cause based on the dog sniffs and the roadside search of the vehicle had completely dissipated by the time any warrant for the phones was issued several weeks after the vehicle stop.

4

## II.     FOURTH MOTION TO SUPPRESS (ECF No. 68)

In his Fourth Motion to Suppress, Defendant seeks to suppress evidence seized from Storage Locker #407 at an Atlantic Mini Storage location in Arundel, Maine, pursuant to a search warrant.  Based on the warrant application (see ECF No. 73-5), the Court determines that the warrant was supported by probable cause, including evidence connecting the storage locker to members of Defendant's drug trafficking operation, evidence that a vehicle used by the operation to transport drugs had visited the storage facility, and indications of the presence of drugs in the locker by a dog sniff.  Further, even if the warrant was not supported by probable cause, the officers acted in "objective good faith" in executing the warrant because it is not "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." United States v. Leon, 468 U.S. 897, 923 (1984) (internal quotation marks omitted); United States v. Woodbury, 511 F.3d 93, 99 (1st Cir. 2007).  The Court therefore DENIES Defendant's Fourth Motion to Suppress.

## III.    FIFTH MOTION TO SUPPRESS (ECF No. 69)

In his Fifth Motion to Suppress, Defendant seeks to suppress evidence from the execution of a warrant to search for Defendant in Room #402 of the Hampton Inn in Saco, Maine.  Defendant appears to challenge only the warrant's "no knock" provision, but there was sufficient support for that provision, including evidence that drug trafficking was occurring in the hotel room and SA Medeiros's experience that "drug traffickers often keep firearms with them to protect their product." (ECF No. 73-3 at 9); see United States v. Rivera, 825 F.3d 59, 65 (1st Cir. 2016) (discussing the "commonsense inference" that a suspected drug dealer "would have a firearm at

his home to protect his drug [cache] and spoils"). In addition, even assuming the "no knock" provision was unlawful, it is well established that suppression is not available as a remedy for a "knock and announce" violation standing alone.[6] Hudson v. Michigan, 547 U.S. 586, 594 (2006); United States v. Jones, 523 F.3d 31, 36 (1st Cir. 2008) ("[W]e have recognized the absence of an exclusionary rule for knock-and-announce violations, provided the police have a valid arrest warrant or some other valid grant of authority to enter the target's residence, and reason to believe the target is inside."). Finally, the Court determines that Defendant has not made the necessary showing for a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978), nor has he supported his request for such a hearing with affidavits or other sworn statements. United States v. Scalia, 993 F.2d 984, 986-87 (1st Cir. 1993). For these reasons, the Court DENIES Defendant's Fifth Motion to Suppress.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's Second, Third, Fourth, and Fifth Motions to Suppress (ECF Nos. 66-69). The Court RESERVES RULING on Defendant's First Motion to Suppress (ECF No. 65) and will rule if and when the Government calls the identification witness at trial.

/s/ George Z. Singal<br>
United States District Judge

Dated this 29th day of November, 2016.

---

[6] Defendant suggests that this clear precedent should not be binding because the police may have had an opportunity to apprehend Defendant before he went inside the hotel room. The Court sees no reason why the police could not rely on the no knock warrant rather than risking their own safety and the safety of others by attempting to apprehend Defendant in the open.