UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Docket no. 2:16-cr-63-GZS |
| ERICK ADAMS, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON DEFENDANT'S MOTION TO SUPPRESS**

Before the Court is Defendant Erick Adams's Motion to Suppress evidence seized pursuant to a search warrant in Connecticut, approved by a Connecticut state judge, which he contends was not supported by probable cause (ECF No. 129). After reviewing the parties' briefs, the search warrant, and the supporting affidavit, the Court has determined that the Motion can be decided without oral argument. See D. Me. Loc. R. 7(f). For the following reasons, the Motion is DENIED.

The Court readily determines, after assessing the information provided in the four corners of the affidavit supporting the warrant application, United States v. Vigeant, 176 F.3d 565, 569 (1st Cir. 1999), that the warrant was supported by probable cause to believe that a crime had been committed and that evidence of the crime would be found at the searched location, United States v. Feliz, 182 F.3d 82, 86 (1st Cir. 1999).[1] Specifically, as outlined by the Government in its

---

[1] The Government preserves an objection that Adams has not demonstrated standing to challenge the search. Because the Court denies Adams's Motion on its merits, it does not opine on this issue. However, there is information in the warrant application to suggest that Adams does have standing in that he was the named lessee of the apartment and may have resided there. See United States v. Aguirre, 839 F.2d 854, 859 (1st Cir. 1988) (("[A]ppellant had the burden of showing at the suppression hearing that he had a reasonable expectation of privacy in the unit and in relation to the articles seized. The record amply delineates his abject failure in this regard. There was no evidence presented at the hearing to indicate that Aguirre owned or leased [the apartment], or that he resided in the unit.") (footnote omitted)).

Response, the warrant application outlines a host of unchallenged facts[2] and reasonable inferences tending to the conclusion that the searched apartment—251 Norwich Avenue, Apartment #3, Taftville, Connecticut[3]—was a "stash house" used by members of a drug conspiracy to store drugs and weapons. (See Gov't Response (ECF No. 134), Page ID #s 461-63); see also United States v. Zayas-Diaz, 95 F.3d 105, 111 (1st Cir. 1996) (("The reviewing court must examine the affidavit in a practical, common sense fashion, and [ ] accord considerable deference to reasonable inferences the [issuing magistrate] may have drawn from the attested facts.") (internal quotation marks omitted)).

Defendant suggests that the information connecting the apartment to a drug conspiracy was stale. (See Def.'s Mot. (ECF No. 129), Page ID # 409.) However, this ignores that on the day the search warrant was issued: 1) Larry Miliner was found with drugs on him outside his apartment at 251 Norwich Avenue, which is downstairs from Apartment #3; 2) he consented to a search of his apartment and no drugs were found inside; 3) he told police that he had been in Apartment #3 one hour prior to their arrival; 4) he would not tell police where he had hidden the key to Apartment #3; and 5) he confirmed that several dogs were inside the apartment, including "an aggressive pitbull that wanders the apartment," which, in the officers' experience, was also compatible with the apartment being used to store drugs. (See Ex. 1 to Gov't Response (ECF No. 134-1), Page ID # 470); see also United States v. Bucuvalas, 970 F.2d 937, 940 (1st Cir. 1992), abrogated on other grounds by Cleveland v. United States, 531 U.S. 12, 18 (2000) ("Staleness does not undermine the

---

[2] Defendant has not requested a Franks hearing or otherwise suggested that the relevant facts are controverted.

[3] Although it is unclear from the record, the Court takes judicial notice of the fact that Taftville, Connecticut, is a village with its own postal code that is also a neighborhood of Norwich.

2

probable cause determination if the affidavit contains information that updates, substantiates, or corroborates the stale material."); United States v. Schaefer, 87 F.3d 562, 568 (1st Cir. 1996) (noting that "it is common ground that drug conspiracies tend to be ongoing operations, rendering timely information that might, in other contexts, be regarded as stale").

Nor can the Court discern any lack of clarity in the warrant application as to the fact that the potential "stash house" was Apartment #3, and not merely an unspecified apartment on the third floor of the apartment building. ((See, e.g., Ex. 1 to Gov't Response, Page ID # 470) ("While at the residence [Investigator] Besse identified apartment #3 as the apartment [Lashawn] Cecil was seen entering and exiting on the day he was incarcerated.")) Finally, even if the Court were to conclude that the warrant was not supported by probable cause, it would have to conclude that the Leon "good faith" exception applies because, of relevance here, the affidavit is not "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." United States v. Leon, 468 U.S. 897, 923 (1984) (quotation marks omitted).

For these reasons, Defendant's Motion is DENIED.

SO ORDERED.

          /s/ George Z. Singal
          United States District Judge

Dated this 12th day of May, 2017.