# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Docket no. 2:16-CR-63-GZS |
| ERICK ADAMS, | ) |
| | ) |
| Defendant. | ) |

## ORDER ON DEFENDANT'S MOTION TO RECONSIDER

Before the Court is Defendant Erick Adams's Motion to Reconsider (ECF No. 190). After carefully considering the Motion, the Government's Response (ECF No. 192), and Defendant's Reply (ECF No. 202), the Court DENIES Defendant's Motion.

Defendant asks the Court to reconsider its "earlier decisions on Defendant's Motions to Suppress and the [C]ourt's decision to not allow Defendant a [*Franks*] hearing." (Mot. to Reconsider, PageID # 967.) The only substantive articulated basis for Defendant's Motion is a claim that a drug enforcement agent knowingly or recklessly misrepresented the status and history of a confidential informant in the warrant application for Defendant's arrest. However, Defendant never clearly requested a *Franks* hearing as to the affidavit containing the allegedly false information, although it was his responsibility to do so. See Franks v. Delaware, 438 U.S. 154, 155-56 (1978) ("[W]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held *at the defendant's request*.") (emphasis added).

Moreover, Defendant has not provided any credible reason for his failure to previously raise his argument about the arrest warrant affidavit. Contrary to Defendant's contention, the confidential informant's detailed arrest records were not necessary to making his argument at the time he filed motions to suppress, and in fact Defendant relies entirely on documents that were previously in his possession. It is well established that "motions for reconsideration are appropriate only in a limited number of circumstances: if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust." United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009). Specifically, motions to reconsider "are not to be used [to] allow a party to advance arguments that could and should have been presented to the district court prior to judgment." Id. (quotation marks omitted). Defendant cannot raise on a motion to reconsider an argument he should have, and could have, previously made to this Court.

The Court also questions the timeliness of Defendant's Motion, which was filed six months after Defendant entered into a conditional guilty plea. However, even if the Court were to consider Defendant's Motion on its merits, Defendant has not made the requisite showing that a *Franks* hearing is necessary or that the arrest warrant was issued in error. Assuming for the purpose of deciding this Motion that there were misstatements or omissions regarding the confidential informant, any misstatement or omission was not material because there was probable cause to support the arrest warrant even if the erroneous or misleading information was removed. See United States v. Patterson, 877 F.3d 419, 424 (1st Cir. 2017) (explaining that to justify a *Franks* hearing, a defendant must "make a substantial showing that the allegedly false statement is necessary to the finding of probable cause [such that] with the affidavit's false material set to one

side, the affidavit's remaining content is insufficient to establish probable cause") (quotation marks omitted).

In summary, the Court concludes that the Motion for Reconsideration is procedurally deficient and substantively meritless. Therefore, the Motion is DENIED.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 8th day of January, 2018.