UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ERICK LEVAR ADAMS, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent ) | 2:16-cr-00063-LEW-1<br>2:25-cv-00122-LEW |

**RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

Following a guilty plea, Petitioner was convicted of one count of conspiracy to distribute and possess with intent to distribute controlled substances and one count of possession of a firearm by a convicted felon; the Court sentenced Petitioner to 300 months in prison. (Judgment, ECF No. 231.) The First Circuit affirmed. *United States v. Adams*, 971 F.3d 22 (1st Cir. 2020).

In May 2021, Petitioner filed a motion seeking habeas relief in accordance with 28 U.S.C. 2255. (Motion to Vacate, ECF No. 286.) The Court denied Petitioner's motion. (Order, ECF No. 321.) The First Circuit subsequently denied Petitioner's request for a certificate of appealability. (Judgment, ECF No. 326.)

Petitioner later filed a motion seeking postconviction relief ostensibly pursuant to Federal Rule of Criminal Procedure 52(b), which the Court construed as a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. (Motion, ECF No. 331; Order, ECF No. 332.) Petitioner also filed a motion for reconsideration of the decision to construe Petitioner's filing as a § 2255 motion. (Motion for Reconsideration, ECF No.

335.) The Government contends that the § 2255 motion should be dismissed because it constitutes a second or successive § 2255 motion. (Motion to Dismiss, ECF No. 338.)

Following a review of the record and after consideration of Petitioner's filings and the Government's request for dismissal, I deny the motion for reconsideration and recommend the Court grant the Government's request and dismiss Petitioner's § 2255 motion.

## DISCUSSION

A prisoner typically has "one fair opportunity to seek federal habeas relief from [a] conviction" because Congress has placed "stringent limits on second or successive habeas applications." *Banister v. Davis*, 590 U.S. 504, 507 (2020). After a district court enters judgment on a first petition, 28 U.S.C. § 2244(b) prohibits subsequent petitions unless a court of appeals authorizes a district court to consider a new claim based on a prima facie showing that the claim "relies on a new and retroactive rule of constitutional law or . . . it alleges previously undiscoverable facts that would establish [the petitioner's] innocence." *Id.* at 509; *see also Rivers v. Guerrero*, 605 U.S. 443, 446, 450 (2025); 28 U.S.C. § 2255(h) (applying to § 2255 motions the same limits applicable to state prisoners seeking federal habeas relief).

In May 2021, Petitioner filed a § 2255 motion to vacate, set aside or correct his sentence based on an alleged unreasonable search and seizure, an alleged sentencing error, alleged due process violations, and the alleged ineffective assistance of counsel. (First Section 2255 Motion, ECF No. 286.) As noted above, the Court denied the motion, and the First Circuit denied a certificate of appealability.

Because Petitioner does not allege that any of the recognized exceptions permits a second-in-time § 2255 motion without prior authorization, and because the record does not establish that Petitioner received prior authorization from the First Circuit, the Court lacks jurisdiction to consider a new § 2255 motion. *See Pratt v. United States*, 129 F.3d 54, 57 (1st Cir. 1997) (the "prior approval provision allocates subject-matter jurisdiction to the court of appeals by stripping the district court of jurisdiction over a second or successive habeas petition unless and until the court of appeals has decreed that it may go forward").[1]

Petitioner requests reconsideration of the decision to construe the motion as a § 2255 motion because he contends it was brought properly pursuant to Rule 52(b). (Order, ECF No. 332; Motion for Reconsideration, ECF No. 335.)[2] Courts have long rejected Petitioner's argument, however, because Rule 52 applies to direct appeals, not collateral attacks. *See United States v. Frady*, 456 U.S. 152, 164 (1982) ("the 'plain error' standard

---

[1] A later-filed petition does not qualify as "second or successive" in certain circumstances, including when: (1) the prior petition was withdrawn or dismissed for technical or procedural reasons unrelated to the merits, such as failure to pay a filing fee, *see Stewart v. Martinez-Villareal*, 523 U.S. 637, 645 (1998), (2) the claims challenge an intervening criminal judgment, such as one following a plenary resentencing after a reversal on appeal, s*ee Magwood v. Patterson*, 561 U.S. 320, 339 (2010), and (3) there was no prior opportunity to assert the claims because they were not ripe, such as when the challenged conduct occurred after the resolution of the first petition. S*ee Panetti v. Quarterman*, 551 U.S. 930, 947 (2007); *Restucci v. Bender*, 599 F.3d 8, 9–10 (1st Cir. 2010).

[2] After construing Petitioner's motion as a § 2255 motion, I ordered the Government to answer the § 2255 motion. (Order, ECF No. 337.) Petitioner then sought clarification because the Government had been ordered to answer a § 2255 motion while there was a pending motion to reconsider the construction of the motion as a § 2255 motion. (Motion for Clarification, ECF No. 343.) I granted the motion for clarification and informed Petitioner that the Court would consider Petitioner's arguments regarding Rule 52(b) when it considers the merits of Petitioner's motions and the Government's motion. (Order, ECF No. 344.) Petitioner filed an objection. (Objection, ECF No. 347.) Because the Court can rule on these related issues after the issuance of this recommended decision, and because Petitioner will have another opportunity to file an objection to this recommended decision, I discern no reason to wait for the Court to resolve the objection to the order on the motion for clarification before issuing this recommended decision.

is out of place when a prisoner launches a collateral attack against a criminal conviction after society's legitimate interest in the finality of the judgment has been perfected by the expiration of the time allowed for direct review or by the affirmance of the conviction on appeal"); *United States v. Houston*, No. 23-11127, 2024 WL 2748477, at *2 (11th Cir. May 29, 2024) ("In short, while [Rule 52] governs appellate review on direct appeal, it does not grant independent authority for the district court to hear a collateral motion attacking [the movant's] sentence after the direct appeal").

Because Petitioner previously exhausted his direct appeal and because the relief Petitioner seeks is for the Court to vacate, set aside or correct his sentence, the motion is in substance a § 2255 motion. The Court, therefore, denies Petitioner's motion for reconsideration. Furthermore, because the motion is a second or successive § 2255 motion, the Court lacks jurisdiction to consider the motion.

First Circuit Rule 22.1(e) provides that if a second or successive § 2254 or § 2255 petition is filed in the district court without the required authorization from the First Circuit, the district court "will transfer the petition to the court of appeals pursuant to 28 U.S.C. § 1631 or dismiss the petition." Because the current motion does not appear to be based on newly discovered evidence of innocence or a new rule of constitutional law made retroactive on collateral review, the interests of justice do not support transfer to the First Circuit.[3] Dismissal, therefore, is appropriate.

---

[3] In general, "new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced," *Teague v. Lane*, 489 U.S. 288, 310 (1989), but "new substantive rules"—those that "alter the range of conduct or class of persons that the law punishes"— apply retroactively on collateral review. *Edwards v. Vannoy*, 593 U.S. 255, 276 (2021). Petitioner invokes *Erlinger v. United States*, 602 U.S. 821 (2024), which considered the "lengthy mandatory prison terms on

## CONCLUSION

Based on the foregoing analysis, I deny the motion for reconsideration. An evidentiary hearing is not warranted on the § 2255 motion under Rule 8 of the Rules Governing Section 2255 Cases. I recommend that the Court deny Petitioner's motion for habeas relief under 28 U.S.C. § 2255 and grant the Government's motion to dismiss. I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## **NOTICE**

Any objection to the order on the motion for reconsideration must be filed within 14 days of being served with a copy of the order.

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection. Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

Dated this 31st day of December, 2025

/s/ John C. Nivison
U.S. Magistrate Judge

---

certain defendants," like Petitioner, "who have previously committed three violent felonies or serious drug offenses on separate occasions" under the Armed Career Criminal Act (ACCA). *Id.* at 825. The *Erlinger* Court held that the Fifth and Sixth Amendments require a unanimous jury to find beyond a reasonable doubt that a defendant's past offenses were committed on separate occasions, rather than a judge making the determination under a preponderance-of-the-evidence standard, which is permissible only for the fact of a prior conviction. *Id.* at 825, 835. Because *Erlinger* did not "alter the range of conduct or class of persons that the law punishes" and altered only the manner of determining guilt and penalty, the new rule of procedure established in *Erlinger* is not retroactively applicable to cases on collateral review. *See United States v. Charles*, No. 14-CR-10252-PBS, 2025 WL 3687935, at *2 (D. Mass. Dec. 19, 2025) (collecting cases).