UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

ERICK LEVAR ADAMS,                    )
                                      )
        Petitioner,                   )
                                      )
    v.                                )            2:16-cr-00063-LEW-1
                                      )            2:25-cv-00122-LEW
UNITED STATES OF AMERICA,             )
                                      )
        Respondent                    )

**ORDER AFFIRMING RECOMMENDED DECISION
OF THE MAGISTRATE JUDGE**

On December 31, 2025, the United States Magistrate Judge filed with the court, with copies to the parties, his Recommended Decision (ECF No. 348) on pro se Petitioner Erick Levar Adams's Motion (ECF No. 331), in which Adams seeks to reduce his 300-month sentence, imposed in May 2018, based on *Erlinger v. United States*, 602 U.S. 821 (2024) (holding that the Fifth and Sixth Amendments require a unanimous jury to make the determination beyond a reasonable doubt that a defendant's past offenses were committed on separate occasions for purposes of enhanced sentencing under the Armed Career Criminal Act). Also before the Court is the Government's Motion to Dismiss (ECF No. 338). The Magistrate Judge's recommendation is to construe Adams's Motion as a second habeas corpus motion under 28 U.S.C. § 2255, deny it for lack of jurisdiction, grant the Government's Motion, and dismiss the case. Adams has filed Objections (ECF Nos. 347,

350, 355), which I have carefully considered alongside the Recommended Decision and the entire record.

Adams filed his Motion on March 31, 2025, long after his direct appeal from his 2018 conviction and sentence was finalized. Because Adams' direct appeal was finalized, the only means for Adams to seek relief based on the Supreme Court's 2024 *Erlinger* opinion is in the context of a habeas corpus collateral attack brought pursuant to 28 U.S.C. § 2255. Unfortunately for Adams, his *Erlinger* challenge is not viable in this Court in the context of his current habeas corpus petition, which is a second petition, because this Court does not have jurisdiction to consider it unless the First Circuit first authorizes it to do so. *See* Recommended Decision at 3-4 (citing *Pratt v. United States*, 129 F.3d 54, 57 (1st Cir. 1997)). Furthermore, in this Court's assessment, the First Circuit is unlikely to authorize the challenge because the rule announced by the Supreme Court in *Erlinger* is not retroactive for purposes of habeas corpus, though Adams is free to petition the First Circuit to attempt to prove otherwise. *See id.* at 4 & n.3 (citing *United States v. Charles*, --- F. Supp. 3d --, No. 14-cr-10252, 2025 WL 3687935, at *2 (D. Mass. Dec. 19, 2025) (collecting cases)); *see also Moore v. United States*, No. 22-cv-1415, 2025 WL 3214360, at *3-4 (M.D. Fla. Nov. 18, 2025); *Jackson v. United States*, No. 25-cv-1021, 2025 WL 2771525, at *4 (W.D. Mich. Sep. 26, 2025); *Ramey v. United States*, No. 22-cv-00378, 2025 WL 2723414, at *4 (M.D. Tenn. Sep. 24, 2025); *United States v. Pettis*, No. 15-cr-0233, 2025 WL 2194410, at *2 (D. Minn. Aug. 1, 2025); *Cuyler v. United States*, No. CR 120-036, 2025 WL 1136295, at *6-7 (S.D. Ga. Mar. 21, 2025); *United States v. Hansford*,

2

No. 20-cr-57, 2025 WL 90240, at *3 (N.D. Ind. Jan. 14, 2025); *United States v. Abney*, No. 18-cr-133, 2024 WL 5055827, at *3 (E.D. Ky. Dec. 10, 2024).

The Court understands that Adams finds it unfair that a new rule announced by the Supreme Court can be raised on direct appeal[1] but barred in the context of a collateral attack, but this distinction is based on clear Supreme Court precedent.  *See Edwards v. Vannoy*, 593 U.S. 255, 263-65 (2021); *Teague v. Lane*, 489 U.S. 288 (1989).  The Supreme Court is the author of the limitation on the retroactivity of new procedural rules and the lower federal courts are required to honor that limitation.  The Magistrate Judge's Recommended Decision, in other words, does not amount to "unbecoming" conduct, "interference," or "disingenuous evasion," contrary to Adams's assertions.  *See* Supplemental Objection at 3-4 (ECF No. 355).

Having reviewed and considered the Recommended Decision and the Objections, together with the entire record, and having made a *de novo* determination of all matters adjudicated by the Recommended Decision, I concur with the recommendation of the United States Magistrate Judge and determine that no further proceeding is necessary.

It is therefore ORDERED:

The Recommended Decision of the Magistrate Judge is AFFIRMED and ADOPTED (ECF No. 348);

The Government's Motion to Dismiss is GRANTED (ECF No. 338); and

---

[1] Adams argues that his challenge should arise under Rule 52 of the Federal Rules of Criminal Procedure, but Rule 52 relief was only available in this Court between the entry of judgment and appeal or else on direct appeal of the judgment.  *See* Recommended Decision at 3 (citing *United States v. Frady*, 456 U.S. 152, 164 (1982)).  In other words, after Adams's conviction became final following his direct appeal, Rule 52 no longer applied.

Petitioner's Motion is DENIED and DISMISSED without an evidentiary hearing (ECF No. 331).

It is further ORDERED that no certificate of appealability will issue from this Court because the Petitioner has not made a substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C.A. § 2253(c)(2).

**SO ORDERED.**

Dated this 18th day of March, 2026.

                                    **/s/ Lance E. Walker**
                                    **Chief U.S. District Judge**